# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**LASHUNNA WILSON,** *as*           \*
*administratrix and personal*   \*
*representative of the estate*   \*
*of William Henry Harris, Jr.*,   \*
                                    \*
      **Plaintiff,**                   \* CIVIL ACTION NO. 18-00461-B
                                    \*
**vs.**                                     \*
                                    \*
**WARDEN CYNTHIA STEWART,** *et al.*, \*
                                    \*
      **Defendants.**               \*

## ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Decision Denying Leave to Disclose Plaintiff's Expert Dr. Victor Lofgreen (Doc. 89) and Defendants' responses in opposition thereto. (Docs. 90, 91). Upon consideration, the motion is **denied**.

In the motion, Plaintiff argues that her request for reconsideration is justified because the expert disclosure of Dr. Lofgreen was not available to her at the time of the Court's ruling. Plaintiff also contends that the impact of allowing the out-of-time disclosure will be *de minimis* because the Court has extended deadlines in this case, including the deadlines for taking the deposition of Plaintiff's experts, disclosing and deposing Defendants' disclosures, the filing of summary judgment motions,

and trial. Additionally, Plaintiff contends that her expert was unable to formulate his opinions without the records and deposition transcripts from the correctional defendants and that Plaintiff acted in good faith in seeking to schedule the depositions during the discovery period. Finally, Plaintiff contends that to exclude Dr. Lofgreen's disclosures as a sanction under Fed.R.Civ.P. 37 would be an abuse of discretion because Plaintiff's non-disclosure was either substantially justified or harmless.

Defendants, on the other hand, argue that Plaintiff's latest submission should be stricken. Defendants note that Plaintiff did not seek leave before filing the latest disclosure and has not demonstrated any new development in the case, except for the fact that Plaintiff has now obtained yet another expert disclosure far outside of the deadline set in the court's scheduling order. Defendants further argue that Plaintiff is attempting to undermine the Court's authority and set a bad precedent that Court deadlines can be disregarded at a whim.

In the interests of finality and conservation of scarce resources, reconsideration of an order is an extraordinary remedy which is to be employed sparingly. United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), *aff'd*, 419 F.3d 1208 (11th Cir. 2005); Pennsylvania Ins. Guar. Ass'n, 812 F. Supp. 524, 524 (E.D. Pa. 1992); see also Spellman v. Haley, 2004 WL 866837, *2 (M.D. Ala. 2002) ("[L]itigants should not use motions to

2

reconsider as a knee-jerk reaction to an adverse ruling."). However, reconsideration is proper when newly discovered evidence is brought to the court's attention or clear error has been shown. See Fed.R.Civ.P. 60(b)(2); Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").

The background surrounding Plaintiff's untimely expert disclosures is contained in the Court's order entered on March 24, 2020, and will not be repeated here. (Doc. 88). The undersigned, with great reluctance, permitted Plaintiff to disclose Lori E. Roscoe and Robert Gilbert, DO, two medical experts, beyond the deadline for expert disclosures and the discovery deadline after determining that Plaintiff's efforts to schedule the depositions early on were hampered, that counsel for the parties had discussions about extending the disclosure deadline, and that the experts needed key medical testimony before rendering opinions. The Court declined, however, to permit Plaintiff to offer any additional disclosures in the interests of finality and fairness.

3

As noted in the Court's order dated March 24, 2020, Plaintiff's counsel requested several discovery conferences with the Court and never once mentioned any problems concerning expert disclosures, let alone the identity of any such experts. (Doc. 88 at 7). Counsel is simply not permitted to litigate in a manner and on terms they find most desirable and convenient to them. Furthermore, a review of Dr. Lofgreen's expert disclosure reveals that his opinions could have been rendered long before the expiration of the February 28, 2020, deadline. From his report, it is not clear when Dr. Lofgreen was initially retained by Plaintiff's counsel. However, what is clear is that Plaintiff's amended complaint, which was filed on January 31, 2019, contains specific and detailed allegations regarding the conduct of the correctional Defendants immediately preceding the death of Plaintiff's decedent. (Doc. 17). This information was presumably based on statements from inmate witnesses obtained by Plaintiff's counsel *before* filing suit. Additionally, defense counsel asserts, and Plaintiff has not denied, that Plaintiff's counsel was provided the Alabama Department of Corrections' investigative file *prior* to the extension of the original discovery deadline in this case. The file contains a detailed report regarding ADOC's investigation into the death of Plaintiff's decedent, as well as oral interviews with the correctional and medical witnesses who interacted with the decedent in the 24 hours immediately preceding

4

his death.  Armed with such information, the undersigned finds it incredulous that preliminary opinions regarding the actions of the correctional defendants could not have been rendered.  This is particularly true given that there is nothing before the Court that suggests that the deposition testimony given by the correctional defendants was at great odds with their oral statements given immediately following the decedent's death.  Accordingly, under these circumstances, the undersigned denies Plaintiff's motion to reconsider. This case is to proceed as set forth in the Court's Order dated March 24, 2020.  (Doc. 88).

**DONE** this **9th** day of **April, 2020.**

                                                  **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**