**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LASHUNNA WILSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION NO. 18-00461-B** |
| | : | |
| **WARDEN CYNTHIA STEWART,** *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | | |

**<u>ORDER</u>**

Plaintiff Lashunna Wilson ("Plaintiff"), as administratrix and personal representative of the estate of William Henry Harris Jr., deceased, filed a complaint under 42 U.S.C. § 1983.[1] This matter is now before the Court on the motion filed by Defendants Corizon, LLC ("Corizon"), Ramona Garrick ("Garrick"), and Arthur Long ("Long") (the "medical defendants") seeking to have the Court dismiss the remaining state law claims against them. (Docs. 182, 190). The motion has been fully briefed and is ripe for resolution. After careful review of the pleadings, and for the reasons set forth below, it is ordered that Defendants' motion to dismiss (Doc. 182) be **denied.**

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 100).

I.   **Discussion.**

The facts related to this case have been exhaustively detailed in the Court's summary judgment order dated August 5, 2021 (Doc. 181), and will not be repeated here.   In the instant motion to dismiss, the medical defendants argue that, pursuant to the Court's August 5, 2021 summary judgment order dismissing all federal claims against them, and as a result thereof, only state law claims remain, namely, Plaintiff's AMLA medical malpractice/wrongful death claim against Defendants Garrick and Long and Plaintiff's agency claim against Defendant Corizon.   (Docs. 181, 182).   Thus, the medical defendants argue that this Court should relinquish supplemental jurisdiction over these claims under 28 U.S.C. § 1367(c)(3) and dismiss them or remand them to the state court.[2] (Doc. 182 at 2).   Plaintiff responds, to the contrary, that the application of § 1367(c) compels the Court to exercise supplemental jurisdiction over these claims. (Doc. 190).

As an initial matter, the Court notes that it was vested with original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331

---

[2] Defendants have styled the instant motion as one to dismiss Plaintiff's remaining state law claims against them or to remand the remaining state law claims to the state court.   (Doc. 182). However, because Plaintiff filed her claim in this Court, remand is not an option. Rather, if the state law claims were dismissed, Plaintiff would have thirty days to file her claims against these Defendants in state court under the safe-harbor provision of 28 U.S.C. § 1367(d).   See Meide v. Pulse Evolution Corp., 2020 U.S. Dist. LEXIS 162303, *60, 2020 WL 5350325, *19 n.12 (M.D. Fla. Sept. 4, 2020).

and 1343 and that it exercised supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims were "so related" to the federal claims that they formed "part of the same case or controversy." 28 U.S.C. § 1367(a). "The doctrine of supplemental jurisdiction — sometimes referred to as 'pendent jurisdiction' — permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience." Ameritox, Ltd. v. Millennium Labs., Inc., 803 F.3d 518, 530 (11th Cir. 2015)(quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348-49 (1988)). "Now codified at 28 U.S.C. § 1367, the modern doctrine of supplemental jurisdiction derives from United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), and Carnegie-Mellon University v. Cohill." Id. (citations omitted). "Those cases continue to guide federal courts as they determine whether to retain or relinquish jurisdiction over supplemental state-law claims." Id. (citations omitted). "As articulated by Gibbs, the doctrine of pendent jurisdiction ... is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Id. (quoting Cohill, 484 U.S. at 350). "[Gibbs] explained that pendent jurisdiction is 'a doctrine of discretion, not of plaintiff's right,' and should be exercised

only when doing so would promote 'judicial economy, convenience and fairness to litigants.'" Id. (quoting Gibbs, 383 U.S. at 726); see also Cohill, 484 U.S. at 350 ("Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").

As noted, "Congress codified Gibbs in 28 U.S.C. § 1367." Id. (citations omitted). However, "the doctrine of supplemental jurisdiction under § 1367 is less flexible than it was under Gibbs or Cohill insofar as it permits dismissal of supplemental claims only under particular circumstances." Id. Indeed, "[d]istrict courts only possess the authority to dismiss claims brought under § 1367(a) if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. (quoting 28 U.S.C. § 1367(c)).

Here, the medical defendants rely on 28 U.S.C. § 1367(c)(3) in support of their argument that the Court should relinquish supplemental jurisdiction over the state law claims asserted

against them., *i.e.*, that the district court should relinquish supplemental jurisdiction over the state law claims asserted against them because "the district court has dismissed all claims over which it has original jurisdiction." (Doc. 182 at 5-6). However, the medical defendants' argument is misplaced.

Here, the Court has not dismissed "*all* claims over which it has original jurisdiction." To the contrary, the Court still has original jurisdiction over Plaintiff's § 1983 claims against the ADOC defendants, Johnson and Mason, as well as supplemental jurisdiction over Plaintiff's state law wrongful death claims against Johnson and Mason. The simple fact that the federal claims against the medical defendants have been dismissed does not mandate that the Court decline to exercise supplemental jurisdiction over the remaining state law claims against them where, as here, the movants have failed to show that any of the subsections of § 1367(c) have been met or, assuming such, that the Gibbs and Cohill factors, *i.e.,* judicial economy, convenience, fairness to litigants, and comity, favor such dismissal.

As Plaintiff points out, nearly three years after this case was filed, "on the eve of trial," the medical defendants have asked this Court to dismiss Plaintiff's state law claims asserted against them, despite the fact that they have failed to demonstrate how the conditions of 28 U.S.C. § 1367(c)(3) have been met, much less how the principles of judicial economy, convenience, fairness, and

comity are best served by declining to exercise supplemental jurisdiction and dismissing Plaintiff's state law claims. (Doc. 190 at 2).   To the contrary, it is clear that none of the subsections of § 1367(c) apply to this case.   Moreover, even assuming that § 1367(c)(3) had been met, as the medical defendants argue, the principles of judicial economy, convenience, fairness, and comity weigh against relinquishing supplemental jurisdiction, given that (1) this case has been pending for almost three years; (2) the parties are on the eve of trial; (3) this Court has already expended tremendous judicial resources ruling on substantive motions related to Plaintiff's federal and state law claims against the movants; (4) a dismissal of Plaintiff's state law claims against the movants, at this point, would likely prolong unnecessarily Plaintiff's litigation of her claims against the movants and potentially consume even greater resources by the parties and the courts, since some issues, such as the use of expert witnesses, would likely be re-litigated in a second forum and certain evidence and witness testimony would likely be unnecessarily duplicated in a second forum; (5) given the interrelation between the underlying facts and evidence related to Plaintiff's state law claims against the medical defendants and Plaintiff's federal and state law claims against the ADOC defendants, it would appear to be more convenient and more efficient for all of the parties to litigate the remaining claims

at one time and in a single forum; (6) considerations of fairness
would also dictate that Plaintiff not be required to file another
case in state court, pay an additional filing fee, and re-serve
these same medical defendants with process in order to perfect her
claims against them before the safe-harbor provision of 28 U.S.C.
§ 1367(d) would expire, all so that Plaintiff could duplicate much
of the same evidence and call many of the same witnesses in a
second forum while, at the same time, continuing to litigate the
instant action in this Court; and (7) given that there are no novel
state law claims involved here, the necessity for the state court's
resolution of Plaintiff's state law claims against the medical
defendants in this case is absent.

Having considered the requirements of § 1367(c), as well as
the principles of judicial economy, convenience, fairness, and
comity in light of the particular circumstances of this case, the
Court is satisfied that it should retain supplemental jurisdiction
over Plaintiff's state law claims against the medical defendants
in this case.  Accordingly, the medical defendants' motion to
dismiss (Doc. 182) must fail.

**II.  Conclusion.**

For the reasons stated herein, the medical defendants' motion
to dismiss (Doc. 182) is hereby **DENIED.**

**DONE** this **20th** day of **September, 2021.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE